IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES C. McCOWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 01-3327-CV-S-AE |
| | ) | |
| ST. JOHN'S HEALTH SYSTEM, | ) | |
| SISTERS OF MERCY HEALTH SYSTEM, | ) | |
| LLOYD SOLAR, WILLIAM SYLER, | ) | |
| ROBERT HAMMONS, PAUL ELMORE, | ) | |
| JOHN SWOPE, and ROBERT NORTON, | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendants St. John's Health System ("St. John's), Sisters of Mercy Health System ("Sisters"), Lloyd Solar [sic] ("Soller), William Syler ("Syler"), Robert Hammons ("Hammons"), Paul Elmore ("Elmore"), John Swope ("Swope"), and Robert Norton ("Norton"), respectfully request that the Court grant summary judgment in their favor on all counts of plaintiff's Complaint. In further support of their motion, defendants have separately filed their suggestions in support which are hereby incorporated by this reference.

For the following reasons, and as further discussed in their suggestions in support, summary judgment is now appropriate:

1.      Plaintiff's claim of sexual harassment is insufficient as a matter of law because plaintiff cannot show harassment based on sex; nor can plaintiff show that defendants failed to take proper remedial action.

2.      Plaintiff's alleged retaliation claim fails as a matter of law because plaintiff failed to exhaust his administrative remedies with reference to any claim of retaliation and for the reason plaintiff cannot establish he suffered from an adverse employment action.

3.      With reference to separate defendants Soller, Syler, Hammons, Elmore, Swope, and Norton, plaintiffs' Complaint fails as a matter of law as said defendants are not employers within the meaning of Title VII or the MHRA, and for the reason that plaintiff failed to exhaust his administrative remedies with respect to these defendants.

4.      With reference to separate defendant Sisters, plaintiffs' Complaint fails as a matter of law as said defendant was not plaintiff's employer within the meaning of Title VII or the MHRA, and for the reason that plaintiff failed to exhaust his administrative remedies with respect to Sisters.

5.      With reference to separate defendant SJHS, plaintiffs' Complaint fails as a matter of law as said defendant was not plaintiff's employer within the meaning of Title VII or the MHRA, and for the reason that plaintiff failed to exhaust his administrative remedies with respect to SJHS.

SPFDDOCS 93388v1

WHEREFORE, for the foregoing reasons, as well as those in their suggestions in support, defendants respectfully request that the Court grant summary judgment in their favor, for their costs and attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

LATHROP & GAGE L.C.

By s/Tina G. Fowler
    Frank M. Evans, III
    Missouri Bar No. 23976
    EMAIL: FEVANS@LATHROPGAGE.COM

    Tina G. Fowler
    Missouri Bar No. 48522
    EMAIL: TFOWLER@LATHROPGAGE.COM
    P.O. Box 4288
    Springfield, MO 65808-4288
    Phone: (417) 886-2000
    Fax: (417) 886-9126
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a complete copy of Defendants' Motion for Summary Judgment was served upon counsel for plaintiff, Jeffrey M. Merrell and Dianna Coy Long, P.O. Box 1036, Forsyth, MO 65653-1036, via U.S. Mail, postage prepaid this 11th day of October, 2002.

s/Tina G. Fowler
    Tina G. Fowler